[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 06-14539

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 14, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-20791-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee
Cross-Appellant,

versus

JUAN VASQUEZ,

Defendant-Appellant
Cross-Appellee,

SELIN SANTANA,
RUDYS MARINE,

Defendants-Appellants.

————————————————

Appeals from the United States District Court
for the Southern District of Florida

————————————————

**(April 14, 2008)**

Before WILSON, COX and BOWMAN,[*] Circuit Judges.

PER CURIAM:

After a careful consideration of the briefs, review of the record on appeal, and having heard oral argument in the matter, we find no reversible error.

Appellants raise no less than ten issues on appeal. Only one issue, however, merits discussion. Juan Vasquez ("Vasquez") argues that the imposition of a 240-month sentence, which was approximately double the sentence at the top of his court-calculated advisory guideline range (97-121 months), was unreasonable because the district court focused single-mindedly on its finding of obstruction of justice, which Vasquez had already received an enhancement for. Vasquez attempts to rely on *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (holding that the district court's unjustified reliance upon the single goal of restitution to the detriment of all of the other sentencing factors produced an unreasonable sentence).

We are not persuaded that the district court was "single-minded" in its consideration of the 18 U.S.C. 3553(a) factors. We agree with the government that while the district court emphasized its finding that Vasquez committed

---

[*]Honorable Pasco M. Bowman, II, United States Circuit Judge for the Eighth Circuit sitting by designation.

perjury, it also based the sentence on other factors, such as: (1) the nature and circumstances of Vasquez's offenses were very serious; (2) Vasquez was, on the whole, more culpable than his co-defendant, Selin Santana, who received a 200 month sentence; and (3) Vasquez was responsible for more drug quantity than the amount of three kilograms entered by the jury on the special verdict form.

In light of *all* of the findings made by the district court at sentencing, we do not hold that the sentence imposed was unreasonable. Accordingly, we affirm.

**AFFIRMED.**